**GIN GUO KE, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Michael B. Mukasey, Respondents.**

No. 08–1202–ag.

United States Court of Appeals, Second Circuit.

Dec. 9, 2008.

Yee Ling Poon, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Michael P. Lindemann, Assistant Director; Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S.

Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. PIERRE N. LEVAL, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Gin Guo Ke, a native and citizen of the People's Republic of China, seeks review of a February 20, 2008 order of the BIA affirming the April 3, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein denying his applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). *In re Gin Guo Ke*, No. A 73 208 409 (B.I.A. Feb. 20, 2008), *aff'g* No. A 73 208 409 (Immig. Ct. N.Y. City Apr. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

We conclude that the record supports the agency's denial of Ke's application for asylum. First, the BIA properly found that Ke was not eligible for asylum based solely on his wife's alleged forced sterilization. We have held that the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not extend automatically to partners (legally related or otherwise) of individuals who have been forcibly sterilized or forced to have an abortion.

*See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 314 (2d Cir.2007). Similarly, even assuming, *arguendo*, that Ke exhausted his argument that he is eligible for asylum based on his wife's forced sterilization under "traditional principles of refugee law," *Shi Liang Lin* dictates that he is not eligible for asylum based on the suffering caused by his wife's forced sterilization because he cannot demonstrate a nexus between his purported harm and a protected ground. *Id.* at 309. Thus, even assuming the credibility of Ke's testimony, he is not entitled to asylum based on his wife's forced sterilization. *Cf. Gui Yin Liu v. INS*, 508 F.3d 716, 723 (2d Cir.2007) (noting that, pursuant to *Shi Liang Lin*, "a claim of persecution based *solely* on a forced abortion" brought by someone other than "the individual who has undergone the procedure . . . is doomed").

Further, Ke has failed to adequately raise a past persecution claim based on his own resistance to China's coercive population control program. 8 U.S.C. § 1101(a)(42)(B). The BIA has stated that the term "resistance" includes, but is not limited to, "expressions of general opposition, attempts to interfere with enforcement of government policy . . . and other overt forms of resistance to the requirements of the family planning law." *Matter of S–L–L*, 24 I. & N. Dec. 1, 10 (BIA 2006). Although Ke's original claim was based on his wife's forced sterilization, the factual record was " 'adequately developed' " with respect to the issue of "resistance." *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 n. 5 (2d Cir.2007) (quoting *Gui Yin Liu*, 508 F.3d at 723). Ke failed to offer any evidence that he actively resisted China's family planning policy. Indeed, in his brief to this Court, Ke requests that his case be reopened to afford him the opportunity to present evidence of his resistance, but makes no reference as to what

actions he took that amounted to such resistance. Due process does not require that Ke be given the opportunity to present a claim to the agency that he could have raised before, but did not.* *Cf. Gui Yin Liu v. INS,* 508 F.3d 716 (2d Cir. 2007). Thus, irrespective of the impact of his wife's forced sterilization on him, Ke's claim of past persecution based on "other resistance" is without merit. *See Matter of S–L–L–,* 24 I. & N. Dec. at 11.

Accordingly, the BIA reasonably found that Ke failed to establish eligibility for asylum or withholding of deportation where those claims lacked the requisite nexus to a protected ground. *See* 8 U.S.C. § 1101(a)(42), 8 C.F.R. § 208.16(b)(1); *see also Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (holding that an applicant's fear of persecution was not objectively reasonable because it lacked "solid support" in the record and was merely "speculative at best"). Accordingly, the agency's denial of asylum and withholding of deportation was proper.

■ Moreover, the BIA reasonably found that Ke failed to establish that he would more likely than not be tortured upon his return to China due to his illegal departure. While certain reports in the record indicate that sometimes detainees in China are tortured, without more "particularized evidence" to support his claim, Ke's documents do not compel a conclusion contrary to the agency's. *See* 8 C.F.R. § 1208.16(c)(2); *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

* In that respect, we note that our decision in *Shi Liang Lin* did not create a new form of asylum eligibility based on "other resistance." To the contrary, eligibility on that basis was created at the same time that eligibility was created based on having suffered a forced abortion or sterilization. *See* 8 U.S.C. § 1101(a)(42)(B).